**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **RICHARD HARRIS, JR., individually and on behalf of all persons similarly situated,** | : | **Civil Action No. 7:16-cv-00254** |
| **Plaintiff,** | : | **COMPLAINT – COLLECTIVE ACTION** |
| **v.** | : | **JURY TRIAL DEMANDED** |
| **DVE MANAGEMENT, INC. d/b/a ONE SOURCE ENERGY SERVICES** | : | |
| **Defendant.** | : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Richard Harris, Jr. ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant DVE Management, Inc. d/b/a One Source Energy Services ("Defendant" or "DVE") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred within this District and Division, and Defendant conducts business in this judicial District and Division.

## PARTIES

3. Plaintiff Richard Harris, Jr. ("Plaintiff") is a Texas resident who has been employed

by DVE in Texas between approximately April 2014 and May 2015. Pursuant to 29 U.S.C. § 216(b), Plaintiff Harris has consented in writing to being a Plaintiff in this action. *See* Ex. A.

4. Defendant DVE Management, Inc. d/b/a One Source Energy Services ("DVE") is a corporation providing third party services to the oil and gas industry, including flowback, well testing management, and rental equipment services throughout the United States, including this judicial District.

5. Defendant is incorporated in Texas and maintains its corporate headquarters in Greenville, Texas.

6. Defendant employs individuals (including Plaintiff) who perform a variety of services for oil and gas companies. Defendant's financial results are driven by the number of employees performing services for Defendant's customers and the fees that Defendant charges the customers for these services.

7. Defendant employed Plaintiff and continues to employ similarly situated employees.

8. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Defendant's annual gross volume of business exceeds $500,000.

10. Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## COLLECTIVE DEFINITION

11. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All current or former field employees who worked for DVE Management, Inc. d/b/a One Source Energy Services ("DVE") in the United States and who were paid a Base Monthly Salary with Day Bonus compensation at any time between June 29, 2013 and the present (the "FLSA Collective").

12. Plaintiff reserves the right to redefine the FLSA Collective prior to notice or class certification, and thereafter, as necessary.

**FACTS**

13. Defendant employs members of the Classes throughout the United States.

14. Between approximately April 2014 and May 2015, Plaintiff was employed by Defendant as a flowback operator in Texas.

15. During Plaintiff's employment Defendant paid Plaintiff a salary and a day rate which did not provide him with any overtime premium for hours worked in excess of forty (40) in a workweek.

16. Upon information and belief, all of the Collective Members were paid pursuant to a compensation scheme that denied them overtime compensation, in violation of the FLSA.

17. The rigs on which Plaintiff and Collective Members work are not used as a means of transportation.

18. Plaintiff and Collective Members are non-exempt from the overtime pay mandates of the FLSA.

19. Plaintiff and Collective Members are blue collar workers whose work involves repetitive manual labor duties such as setting up, tearing down, monitoring and maintaining field equipment; performing pre- and post-job equipment inspections; performing preventative maintenance procedures on the specialized equipment; operating support equipment; cleaning and maintaining their work locations; and assembling and preparing equipment for installation.

20. Plaintiff and Collective Members do not work in offices; instead, they perform all

of their work outside, year-round.

21. Plaintiff and Collective Members exercise little to no discretion in performing their jobs. Rather, Plaintiff and Collective Members perform duties that are specifically assigned by upper-level managers.

22. Plaintiff and Collective Members also apply their knowledge of oil and gas drilling to follow specifically prescribed procedures or determine which procedure to follow.

23. Plaintiff and Collective Members have no input as to staffing jobs or setting production goals. All decisions regarding staffing and production are handled by upper-level managers.

24. Plaintiff and Collective Members do not supervise any other employees who work for Defendant.

25. Plaintiff and Collective Members do not manage a customarily recognized department or subdivision of Defendant's business operations.

26. Plaintiff and Collective Members have no discretion to hire or fire employees. All decisions regarding hiring and firing are handled by upper-level managers.

27. Plaintiff and Collective Members have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

28. Plaintiff and Collective Members have no authority to enter into agreements or contracts with clients or customers. All decisions regarding customer agreements or contracts are handled by upper-level managers.

29. Plaintiff and Collective Members have no independent authority to spend company funds.

30. Defendant has a policy or practice of failing to compensate Plaintiff and Collective

Members for all overtime hours worked.

31. Despite the fact that Plaintiff and Collective Members do not perform duties that would qualify them as exempt from the overtime pay mandates of the FLSA, Defendant has misclassified them to avoid paying overtime compensation.

32. With knowledge of the non-exempt job duties that Plaintiff and Collective Members perform, Defendant schedules Plaintiff and Collective Members to work twelve (12) hour shifts, seven (7) days per week.

33. Plaintiff and Collective Members frequently work in excess of their scheduled twelve (12) hour shifts. Plaintiff and Collective Members are often required to attend pre- and/or post-shift meetings, and Plaintiff and the Class must remain working when mechanical or staffing issues arise.

34. Plaintiff and Collective Members routinely work in excess of forty (40) hours per week during almost every week that they work.

35. Defendant does not pay Plaintiff and Collective Members any overtime premiums for hours worked over forty (40) in a workweek.

36. Defendant does not maintain accurate records of the actual hours that Plaintiff and Collective Members worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

37. Defendant knew or should have known that Plaintiff and Collective Members were not exempt from the FLSA overtime requirements.

38. Defendant has acted willfully and/or with reckless disregard of the applicable FLSA

provisions, by failing to properly compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) during the workweek.

**COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

40. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

41. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

42. Specifically, Defendant paid Plaintiff and the FLSA Collective a salary plus day bonus, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

43. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records, as well as the records of any payroll companies that Defendant utilizes. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(On Behalf of the FLSA Collective)**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

46. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the above-described FLSA protections.

48. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation for its field workers for hours worked in excess of forty (40) per workweek.

49. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

50. As a result of Defendant's willful failure to compensate Plaintiff and the FLSA Collective at a rate of not less than one and one-half (1 ½) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and, continue to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

51. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the

unpaid wages.

52. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Collective, seeks the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

C. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated damages to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F. Such other and further relief as this Court deems just and proper.

Dated: June 29, 2016

Respectfully Submitted,

**HUGHES ELLZEY, LLP**

*/s/ W. Craft Hughes*
W. Craft Hughes—craft@hughesellzey.com
Texas Bar No. 24046123
Jarrett L. Ellzey—jarrett@hughesellzey.com
Texas Bar No. 24040864
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335

**BERGER & MONTAGUE, P.C.**

Shanon J. Carson (PA 85957)
*Admission Application Pending*
Sarah R. Schalman-Bergen (PA 206211)
*Admission Application Pending*
Alexandra K. Piazza (PA 315240)
*Admission Application Pending*
Camille Fundora (PA 312533)
*Admission Application Pending*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net
cfundora@bm.net

*Attorneys for the Plaintiff and the Proposed Collective*